**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CIRILO RAMIREZ RODAZ, | No. 15-70441 |
| Petitioner, | |
| v. | Agency No. A095-760-659 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Cirilo Ramirez Rodaz, a native and citizen of Guatemala, petitions pro se for

review of the Department of Homeland Security's ("DHS") February 6, 2015,

order reinstating his 2010 expedited removal order.  Our jurisdiction is governed

by 8 U.S.C. §§ 1252 and 1231.  Our review is "limited to confirming the agency's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The DHS did not err in issuing Ramirez Rodaz's reinstatement order, where Ramirez Rodaz does not contest that he is an alien, he is the subject of a prior expedited order of removal in 2010, and he illegally reentered subsequent to that order. *See id.* (the court's review is limited to the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order; and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date . . ."). Ramirez Rodaz has not established that his reinstatement proceedings violated due process. *See Garcia de Rincon*, 539 F.3d at 1137 (reinstatement of a prior removal order, regardless of the process afforded in the underlying order, does not offend due process).

To the extent Ramirez Rodaz challenges the underlying 2010 expedited removal order, we lack jurisdiction to consider this collateral attack. *See* 8 U.S.C.

§ 1252(e)(2); *Garcia de Rincon*, 539 F.3d at 1137 ("whatever relief might be gained by the operation of [8 U.S.C.] § 1252(a)(2)(D) . . . , it is unavailable to [petitioner] because h[is] underlying removal order is an expedited removal order that is subject to additional jurisdictional bars – 8 U.S.C. §§ 1252(a)(2)(A) and 1252(e)").

We do not consider the extra-record evidence filed with Ramirez Rodaz's opening brief, *see Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence), and deny his request for a stay of removal, *see Nken v. Holder*, 556 U.S. 418, 426 (2009).

Finally, to the extent Ramirez Rodaz contends he is eligible for relief, we cannot reach any such remaining contention in this proceeding.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**